UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE CHARLES ANDERSON,<br><br>                Petitioner,<br><br>vs.<br><br>STATE OF IDAHO OF LEWIS COUNTY, NEZ PERCE TRIBAL COURT, and U.S. FEDERAL COURT OF SPOKANE, WASHINGTON,<br><br>                Respondents. | Case No. 1:20-cv-00152-CWD<br><br>**ORDER REVIEWING TRANSFERRED CASE** |

Petitioner Lance Charles Anderson's pro se prisoner case was transferred to the District of Idaho from the United States District Court for the Eastern District of Washington for jurisdictional reasons, because Petitioner was being held in a jail facility in Idaho at the time of filing. (Dkt. 4.) The Eastern District of Washington construed Petitioner's initial pleading—entitled "Motion to Docket Calendar; to Report a Crime to the FBI that was Committed against a Native American on the Nez Perce Reservation on Native Land. To be Acquitted of Charges. State, Tribal, Federal"—as a habeas corpus petition under 28 U.S.C. §2254. (Dkt. 1.)

The Court has reviewed Petitioner's pleading and agrees that it appears to be requesting relief from a state court judgment related to a criminal case. The Court also

**ORDER REVIEWING TRANSFERRED CASE- 1**

has determined that the pleading is deficient and will require Petitioner to file an amended petition, or this case will be dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases.

### REVIEW OF PEITIONER'S PLEADING

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

2. **Background**

Petitioner, a disabled adult who was being held in the Lewis County Jail in Idaho at the time he filed his pleading, alleges that, in 2014, he was caught stealing two 40-ounce bottles of beer from Coninger's Harvest Foods Store in Kamiah, Idaho. Jerry Coninger called the tribal police. Petitioner alleges that, when the tribal police arrived, Coninger hit Petitioner in front of the officer, but the officer did nothing. Petitioner then hit Coninger back in self-defense.

As a result of this incident, Petitioner was charged with assault in both tribal court and federal court, but the charges were dismissed. He was then charged with assault in

state court (Case No. CR-2015-372). Petitioner alleges that he was not the assailant, but the victim, and that the crime was not fully investigated by government officials "to hide the truth." (Dkt. 1, p. 5.) He requests that his case be forwarded to an FBI investigator to press charges against Jerry Coninger of Kamiah, Idaho, who assaulted him in 2014.

Petitioner was convicted of the state charge and placed on probation. While on probation, he had a positive urinalysis test for methamphetamine in September 2019. He also failed to pay a $25.00 fee associated with his probation. As a result, he was arrested and charged with a probation violation.

Petitioner asserts that Lewis County District Judge Gregory Fitzmaurice denied him access to the courts by denying his motions. Petitioner also asserts and that his public defender rendered ineffective assistance of counsel. Petitioner asserts:

> A fair hearing was denied in State Court on Nez Perce Reservation and all tribal court and state court and ways to be heard on this issue have been exhausted. Simply ask that Federal Court step in and acquit Anderson of all charges and restraining order against Jerry Coninger be lifted also.

(Dkt. 1, p. 10.) It is unclear whether these allegations refer to Petitioner's original criminal case or his probation violation case.

Petitioner states that he desires to be released from jail and placed in assisted living for the disabled, where he can obtain help from the tribal mental health department.

### 3. Discussion of Claims and Instructions for Further Amendment

Because it is impossible to discern Petitioner's claims from his original filing, he will be required to file a completely new petition, following the strict guidelines set forth below. Petitioner must clarify whether he is attempting to challenge his original

**ORDER REVIEWING TRANSFERRED CASE- 3**

conviction arising from Lewis County Case No. CR-2015-372, or whether he is attempting to challenge a later probation violation arising from that case. In either event, he must provide information to this Court showing that he first proceeded through the state appellate court system in a procedurally proper manner, ending with presentation of his claims to the Idaho Supreme Court.

A habeas corpus action construed under 28 U.S.C. § 2254 cannot be used to request that another person be investigated or charged with a crime, because it is a specific statutory cause of action for challenges to final state criminal convictions. Petitioner's claims against Jerry Coninger should not be included in the amended petition.

The proper respondent in a habeas corpus action where the petitioner is in custody is the person who has the power to produce the petitioner/prisoner if a writ issues, such as a prison warden or jail sheriff, *see Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), or if the petitioner is not in custody, the respondent is "the entity of person who exercises legal control with respect to the challenged 'custody,'" such as the attorney general of the state, *see Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). Petitioner must name a proper respondent if he desires to proceed. He is not in custody of the Nez Perce Tribal Court or the "U.S. Federal Court of Spokane WA," and so these respondents should not be included in any amended petition.

If approved by the Court, the amended petition will completely replace the prior pleading (Petitioner's "Motion") submitted in this action. In preparing his amended petition, Petitioner must follow these guidelines: First, it must contain all of Petitioner's

federal claims. Second, it must contain a one-paragraph statement of the crimes and violations of which he is convicted, the sentences pronounced, the date of judgment if known, the state court that entered the judgment, the state court case number if known, and whether Petitioner pleaded guilty or went to trial on each conviction. In particular, Petitioner must clarify whether he is attempting to challenge his original criminal conviction or his more recent probation violation.

Third, the amended petition must be organized in a neat and orderly claim-by-claim manner, with each claim being numbered and containing four supporting subsections (a) its federal legal basis (which can be a citation to a constitutional provision or amendment, like "the Fifth Amendment," or a one-sentence description of its unconstitutionality without a legal citation, like, "this violated my right to confront my accusers in open court"; (b) the facts supporting the claim, (c) the procedural facts showing how and when the claim was properly presented to the Idaho Supreme Court or a statement about why it was not presented; and (d) a brief argument of one to three paragraphs stating why the state court decision is contrary to, or an unreasonable application of, federal law, or, if the claim was not addressed in a state court decision, why it amounts to a violation of the federal Constitution.

## ORDER

**IT IS ORDERED:**

1. No later than **30 days** after entry of this Order, Petitioner shall file an "Amended Petition," following the guidelines set forth above. He shall also file a "Motion to

**ORDER REVIEWING TRANSFERRED CASE- 5**

Review Amended Petition," that consists of a one-paragraph request to review the amended petition.

2. Petitioner is given notice that failure to follow this Order may result in dismissal of this entire action for failure to state a claim and failure to follow a court order, with or without prejudice, and without further notice.

3. Respondents are not obligated to file anything further until this Court reviews Petitioner's new pleading.

DATED: November 4, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge

**ORDER REVIEWING TRANSFERRED CASE- 6**